JASON BUCCAT, (SBN 255660)
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorney for Plaintiff
KELLY DURO

USAMA KAHF, SBN 266443
E-Mail: ukahf@fisherphillip.com
KEVIN L. QUAN, SBN 317798
E-Mail: kquan@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone:  (949) 851-2424
Facsimile:  (949) 851-0152

Attorneys for Defendant
KONICA MINOLTA BUSINESS SOLUTIONS U.S.A, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY DURO,<br><br>                Plaintiff,<br><br>    v.<br><br>KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., a New York corporation; and DOES 1 through 20, inclusive,<br><br>                Defendant. | CASE NO.:  8:20-cv-02408-JLS-KES<br><br>*Removed from Orange County Superior Court, Civil Case No.:* 30-2020-01166282-CU-WT-CJC]<br><br>**ORDER RE STIPULATED PROTECTIVE ORDER**<br><br>Action Filed:   October 20, 2020<br>Removal Date: December 21, 2020 Trial Date:     None Set |

# STIPULATED PROTECTIVE ORDER

## 1.   PURPOSES AND LIMITATIONS

Discovery in this Action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties (Plaintiff Kelly Duro and Defendant Konica Minolta Business Solutions U.S.A., Inc.) hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Further, as set forth in Section 12.3, below, this Protective Order does not entitle the parties to file confidential information under seal. Rather, when the parties seek permission from the court to file material under seal, the parties must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.

## 2.   GOOD CAUSE STATEMENT

2.1.   This Action is likely to involve personnel information and medical records, financial, technical, proprietary, confidential, and/or private information for which special protection from public disclosure, and from use for any purpose other than prosecution of the Action (as defined below), is warranted. Such confidential and proprietary materials and information may include, but are not limited to, confidential business or financial information, information regarding confidential business practices, confidential personnel files and employment-related records of current and former employees (including, but not limited to, information related to the hiring, recruitment, retention, and termination of its current and former employees, as well as information related to their job duties,

assignments, skills, training, performance, discipline, promotions, compensation, benefits, leaves of absence, and medical files), or other confidential commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

2.2.   Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.   ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

3.1.   The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

3.2.   There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp,,* 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony*

STIPULATED PROTECTIVE ORDER
FP 40919573.1

*Electrics, Inc.,* 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The Parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

3.3.　Further, if a Party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.,* 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the Party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

3.4.　Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

4.　<u>DEFINITIONS</u>

4.1.　<u>Action</u>: The instant action styled as *Kelly Duro v. Konica Minolta Business Solutions U.S.A., Inc., and DOES 1 through 20, inclusive*, pending before

United States District Court for the Central District of California, Case No. 8:20-cv-02408-JLS-KES.

4.2. Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

4.3. "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). Any Party or other person providing discovery in this action may designate documents as "CONFIDENTIAL" upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and documents that are publicly available may not be designated for protection under this Order.

4.4. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Extremely sensitive "CONFIDENTIAL" Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm to an individual or to the business or competitive position of the Designating Party.

4.5. Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

4.6. Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.7. Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

STIPULATED PROTECTIVE ORDER

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

4.8. <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action

4.9. <u>In-House Counsel</u>: Attorneys, law clerks, and paralegals who are employees in the legal department of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.10. <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

4.11. <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

4.12. <u>Party</u>: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.13. <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.14. <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.15. <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.16. <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

STIPULATED PROTECTIVE ORDER

FP 40919573.1

## 5.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by the orders of the trial judge. If a party intends to present at trial, hearing or other court proceeding in this case documents designated for protection under this Order, or information derived therefrom, such party shall provide advance notice to the party designating the documents for protection under this Order least five (5) days before the commencement of such proceeding by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.). Upon motion of the party designating the document for protection under this Order, the Court may thereafter make such orders as are necessary to govern the use of such documents or information at a trial, hearing, or other court proceeding in this case.

## 6.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees

FP 40919573.1

otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

7.    DESIGNATING PROTECTED MATERIAL

7.1.    Exercise of Restraint and Care in Designating Material for Protection.

(a)    Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

(b)    Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

(c)    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2.    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., Section 7.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must

be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material (except where the Producing Party is producing native electronic files, such as an Excel spreadsheet, in which case the Producing Party shall designate the native file in a written communication to the Receiving Party). If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL", or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(c) for testimony given in depositions, by stipulation read into the record the Parties and/or Non-Party deponent may agree temporarily to designate an entire deposition and the exhibits used therein for protection under this Order

pending receipt and review of the transcript. In such a circumstance, the Parties and Non-Party deponent shall review the transcript within seven (7) days of the receipt thereof and specifically designate the testimony and exhibits that will be protected under this Order. If a trial, hearing, or other court proceeding in this case is scheduled to take place within seven (7) days of a deposition, the deposition testimony will be presumed to be non-confidential for purposes of such proceeding unless the Designating Party makes specific designations in advance of such proceeding. If no such proceeding is scheduled to take place within seven (7) days of a deposition, no Party shall publicly file or quote deposition testimony until seven (7) days have passed since the receipt of a deposition transcript by the Parties, unless (1) the Designating Party has already made specific designations, or (2) the Parties agree that the testimony to be publicly filed or quoted is neither "CONFIDENTIAL" nor "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After seven (7) days, the Parties may publicly file or quote non-designated testimony.

(d)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7.3.   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. This provision is not intended to apply to any inadvertent

STIPULATED PROTECTIVE ORDER

production of any information or items protected by attorney-client or work product privileges. No provision in this Order shall affect a Party's right to object to the designation of any document or other material as "CONFIDENTIAL" on any ground that is available under applicable law.

8.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

     8.1.   Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

     8.2.   Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

     8.3.   Joint Stipulation. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

     8.4.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

9.    ACCESS TO AND USE OF PROTECTED MATERIAL

     9.1.   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a

secure manner that ensures that access is limited to the persons authorized under this Order.

9.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for prosecution or defense of this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  private court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  any deposition, proceeding, or hearing witness who previously has had access to the "CONFIDENTIAL" Information or who is currently or was previously an officer, director, employee or agent of an entity that has had access

STIPULATED PROTECTIVE ORDER

to the "CONFIDENTIAL" Information;

(i)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(j)     any mediator, third party neutral or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(k)     any other person or entity that Designating Party agrees to in writing.

9.3.   <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the Receiving Party's In-House Counsel;

(c)     where the Receiving Party is Konica Minolta Business Solutions U.S.A., Inc. ("Konica"), the following employee of Konica to whom disclosure is reasonably necessary for Konica's Outside Counsel and In-House

FP 40919573.1

Counsel to understand the information contained in the Protected Material (including, for example, to assist counsel in understanding whether the Protected Material contains, incorporates, or is derived from trade secrets or confidential information of Konica): Judy Olivero;

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for prosecution or defense of this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court and its personnel;

(f) private court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

10. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

10.1. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

10.2. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

11.1. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

11.2. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)     promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)     make the information requested available for inspection by the Non-Party, if requested.

11.3.  If a Non-Party represented by counsel fails to commence the process called for by Local Rules 45-1 and 37-1, et seq. within 14 days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If an unrepresented Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in

FP 40919573.1

writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement into this Protective Order.

14. <u>MISCELLENEOUS</u>

14.1. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. This Order shall not be construed to preclude either Party from asserting in good faith that certain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

14.2. Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3. Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14.4. Waiver of Designating Party. This Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Order to any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items designated by that Party.

14.5. Previously Produced Documents. The Parties agree to be bound by the terms set forth herein with regard to any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items that have been produced before the Court signs this Order. In the event that the Court modifies this Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Order until such time as the Court may enter such a different Order.

## 15. FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in paragraph 4, and only upon written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material no later than 60 days after Designating Party's written request. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if

not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in paragraph 4 (DURATION). To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Order, even after final disposition of the Action.

16. <u>VIOLATION</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Date: July 6, 2021                    FISHER & PHILLIPS LLP

By: _/s/ Kevin L. Quan_
Usama Kahf
Kevin L. Quan
Attorneys for Defendant
KONICA MINOLTA BUSINESS
SOLUTIONS U.S.A, INC.

Date: July 6, 2021          LAW OFFICES OF RAMIN R. YOUNESSI

By: _/s/ Jason Buccat_____
          Ramin R. Younessi, Esq.
          Jason Buccat, Esq.
          Irina Aleksanyan, Esq.
          Attorney for Plaintiff
          KELLY DURO

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: __July 7_____, 2021      _____

The Hon. Karen E. Scott
UNITED STATES MAGISTRATE JUDGE

Case No. 8:20-cv-02408-JLS-KES

STIPULATED PROTECTIVE ORDER

FP 40919573.1

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____[date] in the case of *Kelly Duro v. Konica Minolta Business Solutions U.S.A., Inc.*, C.D. Cal. Case No. 8:20-cv-02408-JLS-KES. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____ Signature: _____